IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-cr-11

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| CHARLES WASHINGTON (6) ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses (Doc. No. 23), a supplemental motion by appointed counsel (Doc. No. 27) and the government's response (Doc. No. 33).

The defendant pled guilty to possessing cocaine base and cocaine with intent to distribute (Count One) and possessing a firearm in furtherance of that offense (Count Two). (Doc. No. 18: Judgment at 1). At sentencing, the Court determined that the amount of crack cocaine involved was 600 g of cocaine base and 1 kg of cocaine powder for a conversion equivalent of 12,200 kg of marijuana. (Doc. No. 19: Statement of Reasons (SOR) at 1; Presentence Report (PSR) at ¶ 14). The resulting offense level of 36 was reduced by 3 for acceptance of responsibility (PSR at ¶ 21). Combined with a criminal history category of I, the resulting advisory guideline range was 135-165 months plus 60 consecutive months. (Doc. No. 19: SOR at 1). The government moved for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). (Doc. Nos. 16, 17: Motions). After granting the motion, the Court sentenced the defendant to 51 months' imprisonment on Count One, which was 38% of the low end of the range, plus 60 consecutive months on Count Two, for a total of 111 months. (Doc. No. 345: Judgment at 2).

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. Nos. 23, 27). As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time of sentencing. If a statutory mandatory minimum exceeds the otherwise applicable guideline range, the Court must use the statutorily required sentence as the starting point prior to considerations of departure. USSG §5G1.1(b); United States v. Lindsey, 556 F.3d 238, 244-45 (4th Cir. 2009); United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999). If the defendant originally received a sentence less than the guideline range in effect at that time, a comparably lesser sentence may be imposed upon re-sentencing. USSG §1B1.10(b)(2)(B) and cmt. n.3.

The amended offense level for possessing a conversion equivalent of 12,200 kg of marijuana is 34. USSG Supp. to Appx. C., Amend. 706 (2007). The subtraction of three levels for acceptance of responsibility results in a total offense level of 31. The amended guideline range, given a criminal history category of I, is 120-135 months.[1] Applying the comparable reduction for substantial assistance to the low end of that range yields a 46-month sentence on Count One, which the government recommends imposing (Doc. No. 33: Response at ¶ 9).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

---

[1] The ten-year mandatory minimum sentence from 21 U.S.C. § 841(b)(1)(B) sets the low end of the amended guideline range in this case. USSG §5G1.1(b).

**IT IS, THEREFORE, ORDERED** that the defendant's motions are **GRANTED** and the defendant's sentence is reduced to 46 months' imprisonment on Count One.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: July 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge